IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Keith Bradford Davis,        ) | Civil Action No. 4:13-756-TLW |
|                              ) | Cr. No. 4:09-76 |
|              Petitioner,     ) | |
|     vs.                      ) | |
|                              ) | |
| The United States of America,) | |
|                              ) | |
|              Respondent.     ) | |
| _____ ) | |

    This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Keith Bradford Davis, (hereinafter "Petitioner" or "Defendant"). On January 27, 2009, a federal grand jury returned an Indictment in which Defendant was charged with three counts which alleged the crimes of being a felon in possession of a firearm, possession with intent to distribute crack cocaine and using and carrying a firearm in relation to a drug trafficking offense. (Doc. # 14). On June 4, 2009, pursuant to a plea agreement, Defendant pled guilty to Count One of the indictment, which charged violations of 18 U.S.C. 922(g)(1), 924(a)(2) and 924(e). (Docs. # 40 & # 41). The plea agreement contained a stipulated sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), providing for a sentence of imprisonment for ten years. (Doc. # 40). In paragraph 14 of the plea agreement, Defendant also waived the right to contest his conviction or sentence in either a direct appeal or other post-conviction action (with exception for claims of ineffective assistance of counsel or prosecutorial misconduct). Id. At the guilty plea hearing, the court reviewed the plea agreement with Defendant and explicitly advised him regarding the waiver provision in paragraph 14, stating, "[Y]ou specifically waive your right to file a direct appeal...." Plea Transcript at 9. The court questioned

1

Defendant about his understanding of the waiver provision and whether he had discussed this provision with his attorney.[1] Defendant answered in the affirmative. Plea Transcript at 9. Defendant also told the court that he understood all the terms in his plea agreement and reviewed and discussed it with his lawyer before he signed it. Plea Transcript at 8. The court found Defendant competent, and his guilty plea knowing and voluntary. Plea Transcript at 22.

On August 18, 2009, Defendant was sentenced to ten years, (to be followed by three years of supervised release), in conformity with the stipulation in the plea agreement. (Doc. # 49, Sentencing Transcript at 9). After imposing sentence, the Court advised Defendant that he had a right to appeal. Sentencing Transcript at 10. Defendant signed a form provided by the clerk that stated he had been advised of his right to appeal, that he had discussed this right with his attorney, and that he did not wish to appeal. This document was filed with the court on August 18, 2009. (Doc. # 47). The Court filed the Judgment in this case on September 10, 2009. (Doc. # 49). Defendant did not appeal his conviction or sentence.

On March 21, 2013, (over three and one half years after his conviction became final), Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255. (Doc. # 59). On June 3, 2012, the Government filed a motion to dismiss or in the alternative for summary judgment as to the petition with a supporting memorandum. (Doc. # 69). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed June 10, 2013 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 70). Petitioner filed a response on July 8, 2013. (Doc. # 73). The matter is now ripe for decision.

---

[1] Defendant's counsel was Attorney Michael A. Meetze, who has filed an affidavit in this case which is attached as Exhibit A to the Government's memorandum in support of its motion.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved to dismiss and/or in the alternative for summary judgment as to Petitioner's motion. (Doc. # 69). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions

4

on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner asserts two grounds for relief in his Petition related to claims of ineffective assistance of counsel. The Government has asked that Petitioner's petition be dismissed as time barred and/or that summary judgment should be granted in its favor. The Court will initially address the timeliness of Petitioner's Petition.

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

(1)    the date on which the judgment of conviction becomes final;

5

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

After careful review and consideration, the Court concludes that Petitioner's petition is untimely under 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final over 3 and one half years before he filed the current § 2255 Motion. Again, Petitioner was sentenced on August 18, 2009, and the Judgement was entered on September 10, 2009. Under Fed. R. App. P. 4(b)(1)(A), as it existed at the time of Petitioner's sentencing he had 10 days after the entry of the judgement to file a direct appeal.[2] However, Petitioner did not file an appeal. When a defendant does not file a direct appeal, the judgment of conviction becomes final when the time for filing an appeal expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006)(unpublished opinion); Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); United States v. Plascencia, 537 F.3d 385 (5th Cir. 2008). Accordingly, pursuant to the rules for computation of time found in Fed. R. Crim. P. 45(a), the judgement of conviction in Petitioner's case became final on or about September 21, 2009, which is also the date the one year limitations period began to run. Thus, under § 2255(f)(1), Petitioner had one year, specifically until September 21, 2010, in which to file his §

---

[2]At the time of Defendant' sentencing in August, 2009, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provided that a defendant in a criminal case had ten days after entry of judgment to file notice of appeal with the district court. Fed. R. App. P. 4(b)(1)(A) was amended, effective December 1, 2009, to allow a criminal defendant fourteen days, rather than ten days, to file an appeal. Even if Petitioner were allowed an additional four days under the amended rule, his current § 2255 Motion would still be well outside the applicable statute of limitations.

6

2255 Motion. However, Petitioner did not file his § 2255 Motion until March 19, 2013, at the earliest (the approximate date he placed his Motion in the prison mailing system), over 3 and one half years after his judgement of conviction became final and over two and one half years after the statute of limitations had run for filing his habeas petition. Accordingly, the Court is constrained to conclude that Petitioner's application is untimely pursuant to 28 U.S.C. § 2255(f)(1).

With regards to the potential triggering date set forth in Section 2255(f)(2), the Court concludes that it does not apply to this case. Petitioner does not even allege, much less establish, any unconstitutional or illegal action by the Government which prevented him from making his § 2255 Motion.

Petitioner also contends his motion is timely under §2255(f)(3), which provides that a prisoner has one year to bring a claim for collateral relief from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In Petitioner's second claim alleging ineffective assistance of counsel, he argues that two recent Supreme Court cases, Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012), support his positions that either his attorney failed to communicate "another plea offer" from the government or would have received another plea offer if he had asked for one. Petitioner's memorandum at 6. However, neither Lafler nor Frye created a new rule of constitutional law that is retroactive to cases on collateral review, and are, thus, unable to rescue Petitioner's time-barred §2255 petition. See Ortiz v. United States, 2012 WL 5438938 (E.D.N.Y. Nov.7, 2012) (collecting cases from Court of Appeals for the Fifth, Ninth, and Eleventh Circuits, as well as district court cases from the Fourth Circuit, which hold that Frye did not create a new constitutional right retroactive to

cases on collateral review). See also Gist v. United States, 2013 WL 1303101 (D.S.C. Mar.28, 2013) (agreeing with courts from the Fifth, Seventh, Ninth and Eleventh Circuits that Lafler did not establish a new constitutional right that is retroactive to cases on collateral review).[3]

---

[3] Additionally, with regards to the substance of the second ground for relief found in Petitioner's petition regarding his claim that his counsel was ineffective with regard to plea negotiations, the Government asserts that this claim is without merit. Specifically, the Government asserts that the precedents in the two cases on which he bases his arguments, Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012), do not apply to the facts of Petitioner's case. In Lafler, 132 S.Ct. at 1381, the court held the defendant received ineffective assistance of counsel when he was advised to reject a plea agreement, resulting in the defendant going to trial, being found guilty, then receiving a sentence after trial that was more severe. The Government notes that since Petitioner chose to enter a guilty plea in his case, and did not go to trial, the Lafler analysis is inapplicable. In Frye, 132 S.Ct. at 1408, the court held that an attorney who failed to inform his client of a plea offer before the offer lapsed rendered ineffective assistance of counsel. Here, Petitioner's defense counsel negotiated a written plea agreement with a stipulated sentence of ten years. The Government asserts that Counsel obviously communicated the plea offer to Petitioner, reviewed and explained the agreement's provisions to Petitioner before he signed it. Plea transcript at 8 and Exhibit A. Attorney Meetze states in his affidavit that there were no other plea offers. Exhibit A at 3-4. As noted by the Government, Petitioner voluntarily accepted the plea agreement and told the court during the plea colloquy that he understood all of the terms and was satisfied with the representation and advice of Attorney Meetze. Plea Transcript at 4. Absent clear and convincing evidence to the contrary, a petitioner is bound by the representations he makes during the plea colloquy. Burket v. Angelone, 208 F.3d 172, 191 (4th Cir. 2000). Petitioner Davis received a ten-year sentence, as agreed and promised in the plea agreement. Sentencing Transcript at 9. Under these facts, the Government argues that the Frye decision is also inapplicable. Although the Court dismisses this case as untimely, it does note that it finds the position of the Government to be sufficiently persuasive as to the substantive claims for relief.

     To prevail on a claim of ineffective assistance of counsel, the burden is upon Petitioner to show: 1) his counsel's acts or omissions fell below an objective standard of reasonableness; and 2) there is a reasonable probability that "but for" counsel's errors, the defendant would either not have pled guilty or been convicted. Strickland v. Washington, 466 U.S. 668(1984). When a defendant challenges a conviction after a guilty plea, the "prejudice" prong is slightly modified to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper v.Garraghty, 845 F.2d 471,475 (4th Cir.1988) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). This Court has carefully considered Petitioner's claim for relief. This Court is not sufficiently persuaded that Petitioner has satisfied either prong in relation to any of his asserted grounds for relief. Petitioner has made an assertion that counsel failed to do something that Petitioner feels he should have done, but he has not shown that counsel's performance fell below an objective

8

Additionally, Petitioner contends his motion is timely filed, citing to §2255(f)(4), which provides that the statute of limitations runs one year "from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," as support for his first ground of ineffective assistance of counsel. Petitioner Davis argues that his counsel failed to inform him that he had a right to file an appeal, despite the fact that he had signed two appeal waivers, and claims that he did not discover this fact until he began pursuing his second ground of ineffective assistance of counsel complaining about his plea offer. The Government asserts that these arguments are without merit.

Defendant entered into a plea agreement that contained a paragraph waiving his right to appeal. It is well settled that a defendant can waive his right to appeal, and the courts have long enforced such voluntary waivers. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). During the plea colloquy, Defendant affirmed that he understood the appellate waiver provision and that he had discussed this provision with his attorney, Attorney Meetze. Plea Transcript at 9. Attorney Meetze, in his affidavit which is attached to the Government's supporting memorandum, states that he reviewed all aspects of the plea agreement with Davis, including the appellate waiver provision. Exhibit A to the Government's memorandum in support at 3.  In addition, at his sentencing hearing, Defendant was specifically advised again by this Court that he had a right to appeal. Sentencing Transcript at 10. Even assuming arguendo that Davis' counsel did not advise Petitioner that he had a right to appeal, this Court reviewed the appellate waiver provision at the time

---

standard of reasonableness, much less that any deficiency in counsel's representation resulted in prejudice to Petitioner. Petitioner entered into a plea bargain, received the benefit of the bargain and has suffered no prejudice.

9

he entered his plea, and again advised him of his right to appeal after imposition of sentence. Additionally, Defendant signed a form provided by the clerk, after conferring with his counsel, that stated he had been advised of his right to appeal, that he had discussed this right with his attorney, and that he did not wish to appeal. (Doc. # 47 and Exhibit A, Attachment 1 to the Government's memorandum in support). According to Attorney Meetze, Defendant did not contact him subsequent to the sentencing hearing to say he had changed his mind and did wish to appeal. Id. at 3. As the facts of record establish that Defendant was advised of his appellate rights by both his attorney and this Court, and that he understood them and agreed to waive his right to appeal in return for the benefit of a stipulated sentence, the Court concludes that Section 2255(f)(4) is inapplicable to excuse his late filing.[4] After careful consideration, this Court determines that there is no need for a hearing on this issue as the Court finds the relevant facts are not in dispute.

Finally, despite filing this §2255 petition over three and a half years after his judgment was final, Petitioner maintains the one-year statute of limitations should be excused in his case based on the doctrine of equitable tolling. The Government asserts that Petitioner (1) has not presented any extraordinary circumstance justifying the tolling of the statute of limitations; (2) has not asserted any action by the government that created an impediment to his filing a timely § 2255 motion; (3) nor does he point to any newly-discovered facts which he could not have previously discovered through the exercise of due diligence. The Government argues that Petitioner obviously knew he had waived

---

[4]With regards to Petitioner's attempted reliance on Frye and Lafler, the Court notes that Petitioner cites new legal opinions as opposed to new factual information, which do not trigger the limitations period under §2255(f)(4). See Madaio v. United States, 2010 WL 3719070, at *2 (11th Cir. Sept. 24, 2010) (unpublished) (explaining that the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not delay the limitations period.)

his right to appeal his sentence, since both waivers were reduced to writing and filed with the court.

Though the Fourth Circuit has recognized that courts have the authority to apply the doctrine of equitable tolling, it has made clear that it should be applied only in extraordinary circumstances. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). "To apply equity generously would loose the rule of law to whims about adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fairness." Harris at 330. Equitable tolling is available only in "those rare instances where-- due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Rouse v. Lee, 339 F.3d at 246). After careful consideration of Petitioner's argument, this Court concludes that Petitioner has made no showing that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness. See Harris, 209 F.3d at 330-331 (4th Cir. 2000). Petitioner has not shown that the Government engaged in any wrongful conduct that precluded him from filing his § 2255 Motion, nor that any "extraordinary circumstances" beyond his control prevented him from filing his motion within the statute of limitations. Harris, 209 F.3d at 330. This Court concludes that there are no grounds to justify equitable tolling in Petitioner's case.

Accordingly, because Petitioner's § 2255 Motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable tolling is inapplicable, his Motion is untimely and is **DISMISSED**.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DISMISSED** (Doc. # 59) and the Government's motion to dismiss is **GRANTED** (Doc. # 69). This

action is hereby **DISMISSED** as untimely.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

<u>s/Terry L. Wooten</u>
TERRY L. WOOTEN
Chief United States District Judge

August 2, 2013
Florence, SC